■ ALLAN DAMPF, P. C., Respondent, v RICHARD BLOOM, Appellant.—In an action, *inter alia,* to recover damages for unfair competition, the defendant appeals from an order of the Supreme Court, Nassau County (Lockman, J.), dated June 18, 1985, which held him in contempt of court for violating a temporary restraining order forbidding him to communicate with the plaintiff's patients listed on a computer printout sheet, and imposed penalties.

Order affirmed, with costs.

The record reveals that in 1980, the defendant, recently graduated from dental school and with virtually no patients of his own, began working part time in the plaintiff's established dental office. He primarily worked on the plaintiff's patients but also brought in some of his own patients. The defendant was paid 35% of the fee received from patients for whom he performed professional services. The plaintiff paid for all operating costs and, with the exception of the defendant's friends and relatives, told the defendant which patients to treat. The plaintiff kept a confidential computer printout sheet containing names and information (including unlisted telephone numbers) of all active patients. In 1984, the defendant surreptitiously photocopied this list, rented an office a short distance from the plaintiff's office, opened his own practice, and solicited patients with the aid of plaintiff's computer printout sheet. The plaintiff commenced an action for unfair competition and obtained a preliminary injunction enjoining the defendant from soliciting or communicating with any of the "plaintiff's patients" whose names were on the printout sheet. The defendant continued to communicate with patients (friends, family and patients referred directly to him or which he brought into the plaintiff's office), or patients he had treated at some point in his practice with the plaintiff. The

hearing court found that the defendant could properly communicate with patients listed in an exhibit who were his own patients which he brought in or treated exclusively. However, he was in contempt of the preliminary injunction for soliciting patients listed in another exhibit, who were the plaintiff's patients.

On appeal, the defendant basically argues that the meaning of the "plaintiff's patients" under the preliminary injunction does not include patients treated exclusively by the defendant or patients treated by both the plaintiff and himself. We cannot agree with this interpretation in view of the defendant's own admission that he treated some of the patients in this latter group only *once*, and that they were primarily the plaintiff's patients. The plaintiff also pointed to various patients in this latter group who the defendant only treated "on occasion". Clearly, common sense compels us to conclude that these people were, practically speaking, the "plaintiff's patients" for the purposes of the preliminary injunction, and that the defendant was in contempt of such injunction by soliciting such patients. If the defendant thought that the injunction was ambiguous in failing to precisely delineate who were the "plaintiff's patients", he should have sought a clarification from the court before acting on his own hypertechnical and bad-faith reading of this term *(see, National Research Bur. v Kucker,* 481 F Supp 612). Brown, J. P., Weinstein, Rubin and Kooper, JJ., concur.