■ HBD Inc., Doing Business as H & R Block, Respondent, v Ann B. Ryan, Appellant. [642 NYS2d 913] —In an action to recover damages for breach of a noncompetition covenant in an employment agreement, the defendant appeals from an order of the Supreme Court, Richmond County (Amann, J.), dated March 23, 1995, which granted the plaintiff's motion for partial summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

Restrictive covenants in employment agreements, such as the noncompetition clause in this case, will be enforced if reasonably limited temporally and geographically (see, Gelder Med. Group v Webber, 41 NY2d 680, 683; Reed, Roberts Assocs. v Strauman, 40 NY2d 303, 307-308), and to the extent necessary to protect the employer's use of trade secrets or confidential customer lists (see, Reed, Roberts Assocs. v Strauman, supra, at 308). The instant noncompetiton clause precluding the defendant from preparing tax returns for the plaintiff's customers within a twenty-five mile radius for a period of two

years after her termination of employment with the plaintiff was reasonable and enforceable.

The defendant's contention that the customer list could have been obtained from public records is belied by her own affidavit. The defendant had stated that it was due to the rapport that she, as the plaintiff's employee, had developed with some of the plaintiff's customers which induced them to become her customers.

Having determined that the restrictive covenant is enforceable and there being no dispute as to the defendant's violation thereof, the plaintiff's motion for partial summary judgment on the issue of liability was properly granted.

The defendant's remaining contentions are without merit. Sullivan, J. P., Hart, Goldstein and McGinity, JJ., concur.