■ BRONX-LEBANON HOSPITAL CENTER, Respondent-Appellant, v ANDREW WIZNIA, M.D., et al., Appellants-Respondents. [726 NYS2d 847] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered December 30, 1999, which, to the extent appealed and cross-appealed from as limited by the briefs, granted plaintiff summary judgment as to liability against defendant Wiznia upon plaintiff's causes of action for breach of loyalty, unfair competition, and breach of fiduciary duty, granted plaintiff summary judgment dismissing Wiznia's counterclaims for an accounting and breach of fiduciary duty and dismissing all three of defendants' counterclaims for tortious interference with physician-patient relationships, dismissed Wiznia's counterclaim for defamation, without prejudice to repleading, granted defendants summary judgment dismissing plaintiff's cause of action for civil conspiracy, and denied plaintiff's motion to dismiss Wiznia's counterclaim for harassment and intentional infliction of emotional distress, unanimously modified, on the law, to grant plaintiff's motion to dismiss Wiznia's counterclaim for harassment and intentional infliction of emotional distress, and otherwise affirmed, without costs. Order, same court and Justice, entered October 17, 2000, which, to the extent appealed from as limited by the brief, granted plaintiff's motion to dismiss Wiznia's repleaded counterclaim for defamation, without prejudice to further repleading, unanimously affirmed, without costs.

Defendants, the three physicians who formerly staffed plaintiff hospital's pediatric AIDS department, submitted their resignations in unison, together with 19 other employees of the department, on February 16, 1999, and announced their intention to begin employment with a competing hospital. Plaintiff then commenced this action for, *inter alia*, breach of the duty of loyalty, unfair competition and breach of fiduciary duty. At an evidentiary hearing on a subsequently settled motion for injunctive relief, Wiznia testified that, while still employed by plaintiff, and without advising plaintiff of his actions or intent to resign, he had solicited the department's outside funding agencies to transfer funding to the competing hospital, had systematically solicited the entire staff of the department to move with him to the competing hospital, had deliberately failed to apply for renewal of the department's funding, and had instead successfully applied for transfer of such funding to the competing hospital, using plaintiff's confidential internal

information. Based on these undisputed facts, the motion court correctly granted plaintiff summary judgment as to liability against Wiznia on its causes of action for breach of the duty of loyalty, unfair competition, and breach of fiduciary duty (*see, e.g., Gibbs v Breed, Abbott & Morgan*, 271 AD2d 180, 186; *American Baptist Churches v Galloway*, 271 AD2d 92, 99). We reject Wiznia's argument that any breach of his duties to plaintiff, as his employer, was justified by his professional obligations to his patients and the funding agencies, since no conflict between such duties existed under the circumstances of this case. Wiznia's other arguments on this point are also without merit.

The motion court correctly dismissed, with leave to replead, Wiznia's counterclaim for defamation, both as originally pleaded and as repleaded, since neither pleading contained the specificity required by CPLR 3016 (a). Defendants' counterclaims for tortious interference with physician-patient relations were correctly dismissed, since defendants, as salaried staff physicians, had no contractual relationships with their patients and no pecuniary interests in such relationships. Wiznia's counterclaims for an accounting and breach of fiduciary duty were correctly dismissed on the ground that Wiznia failed to allege any basis for finding that plaintiff owed him a fiduciary duty. Wiznia's counterclaim for harassment and intentional infliction of emotional distress should have been dismissed, as well, since plaintiff's conduct, as alleged, did not rise to the atrocious level required to state a claim for this tort (*see, Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303). Plaintiff's cause of action for civil conspiracy was correctly dismissed, since there is no independent cause of action for civil conspiracy (*see, American Baptist Churches v Galloway*, 271 AD2d, *supra*, at 101). Finally, the evidentiary issue raised by plaintiff cannot be reviewed on this appeal because the court's ruling thereon is not incorporated in either order appealed from. Concur—Nardelli, J. P., Williams, Tom, Mazzarelli and Marlow, JJ.