■ Onsite Companies, Inc., Formerly Known as Aerotek, Inc., Respondent, v Todd C. Comfort et al., Appellants. [802 NYS2d 578]—

Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered September 13, 2004. The order, insofar as appealed from, granted in part plaintiff's motion for partial summary judgment on liability and denied the cross motion of defendant Todd C. Comfort for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: We note at the outset that the parties agree that this employment-related dispute is governed by Maryland law, although they evidently further agree that the law of Maryland and that of New York is fundamentally the same with respect to this dispute. We conclude that Supreme Court properly granted that part of plaintiff's motion for partial summary judgment on liability on the first cause of action alleging that Todd C. Comfort (defendant) breached his duty of loyalty to plaintiff and properly denied that part of defendant's cross motion for summary judgment dismissing that cause of action. Plaintiff established as a matter of law that defendant, while employed by plaintiff, usurped corporate resources, opportunities, and profits for his own benefit or that of defendant Mploy, Inc. (*see Western Elec. Co. v Brenner*, 41 NY2d 291, 295 [1977]; *Lamdin v Broadway Surface Adv. Corp.*, 272 NY 133, 138-139 [1936]; *Bronx-Lebanon Hosp. Ctr. v Wiznia*, 284 AD2d 265, 265-266 [2001], *lv dismissed* 97 NY2d 653 [2001]; *Maritime Fish Prods. v World-Wide Fish Prods.*, 100 AD2d 81, 87-88 [1984], *appeal dismissed* 63 NY2d 675 [1984]; *see also Insurance Co. of N. Am. v Miller*, 362 Md 361, 379-383, 765 A2d 587, 597-599 [2001]; *Maryland Metals, Inc. v Metzner*, 282 Md 31, 37-38, 382 A2d 564, 567-568 [1978]). Defendant failed to raise an issue of material fact warranting denial of that part of the motion with respect to the first cause of action (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The court also properly denied those parts of defendant's cross motion for summary judgment dismissing the second through fourth causes of action as well as the sixth cause of action insofar as it is asserted against defendant. Given the express language of the employment agreement, plaintiff did not abrogate the employment agreement when it unilaterally altered the conditions of defendant's employment. The restrictive covenants, insofar as plaintiff seeks to enforce them, are

not unreasonable as a matter of law in terms of their geographic and temporal scope (*see Battenkill Veterinary Equine v Cangelosi*, 1 AD3d 856, 858 [2003]; *HBD, Inc. v Ryan*, 227 AD2d 448, 448-449 [1996]; *Uniform Rental Div. v Moreno*, 83 AD2d 629 [1981]; *see generally Gelder Med. Group v Webber*, 41 NY2d 680, 683-685 [1977]; *see also Holloway v Faw, Casson & Co.*, 319 Md 324, 334-335, 572 A2d 510, 515 [1990]; *Ruhl v F. A. Bartlett Tree Expert Co.*, 245 Md 118, 123-124, 225 A2d 288, 291 [1967]; *MacIntosh v Brunswick Corp.*, 241 Md 24, 31, 215 A2d 222, 225 [1965]). Further, there are triable issues of fact with respect to whether defendant has used, divulged, or misappropriated confidential information or trade secrets of plaintiff, in violation of his contractual obligations and common-law duty to plaintiff (*see Golden Eagle/Satellite Archery v Epling*, 291 AD2d 838 [2002]; *see also Maryland Metals*, 282 Md at 38, 382 A2d at 568; *Alan M. Dworkin, P. A. v Blumenthal*, 77 Md App 774, 779, 551 A2d 947, 949 [1989]). Present—Green, J.P., Scudder, Kehoe and Lawton, JJ.