■ JAMES V. AQUAVELLA, M.D., P.C., et al., Appellants, v RALPH S. VIOLA, M.D., Respondent. (Appeal No. 1.) [832 NYS2d 852]—Appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered June 7, 2006. The order denied plaintiffs' motion for partial summary judgment and granted defendant's motion for summary judgment.

Appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered September 27, 2006. The order, insofar as appealed from, upon reargument, denied in part

plaintiffs' motion for partial summary judgment and granted defendant's motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying defendant's motion in part and reinstating the complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking to recover damages resulting from the alleged violation of restrictive covenants in their employment agreement (agreement) with defendant, a physician formerly employed by plaintiffs. Supreme Court erred in granting that part of defendant's motion seeking summary judgment dismissing the complaint, and we therefore modify the order accordingly. We note that plaintiffs do not contend on appeal that the court erred in granting that part of defendant's motion seeking summary judgment on the first counterclaim and thus have abandoned any issues with respect to that part of the order (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]).

Insofar as defendant sought summary judgment dismissing the claims for injunctive relief with respect to the restrictive covenants in the agreement, we conclude that defendant failed to present evidence establishing the relationship between the parties involved in each of the two assignments of the agreement. Defendant thus failed to establish as a matter of law that the agreement was not validly assigned and that the noncompetition provision in the agreement did not remain in effect after the two assignments (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We further conclude that the court properly denied that part of plaintiffs' motion for partial summary judgment on the claims arising from the agreement inasmuch as plaintiffs failed to establish as a matter of law that the agreement was validly assigned and was in effect when defendant opened his own practice (*see generally id.*).

Defendant also failed to establish as a matter of law that the noncompetition provision is unreasonable and thus failed to establish his entitlement to summary judgment dismissing the complaint insofar as plaintiffs seek damages based on his alleged violation of that provision (*see generally Onsite Cos., Inc. v Comfort*, 21 AD3d 1306, 1307-1308 [2005]). Defendant failed to establish that the two-year prohibition against competing with plaintiffs, the one-year prohibition against soliciting clients, and the 50-mile geographic limitation are "greater than [are] required for the protection of the legitimate interest of [plaintiffs]" (*D&W Diesel v McIntosh*, 307 AD2d 750, 750-751 [2003] [emphasis omitted]; *see generally Onsite Cos., Inc.*, 21

AD3d at 1307-1308; *Newco Waste Sys. v Swartzenberg*, 125 AD2d 1004, 1005 [1986]). Defendant also failed to establish his entitlement to summary judgment dismissing the misappropriation claims. There is an issue of fact with respect to such claims based on the conduct of defendant in sending announcements concerning his newly opened practice to at least 50 patients of the former practice (*see Leo Silfen, Inc. v Cream*, 29 NY2d 387, 392-393 [1972]). Present—Scudder, P.J., Smith, Fahey, Peradotto and Pine, JJ. [*See* 13 Misc 3d 1234(A), 2006 NY Slip Op 52111(U) (2006).]