■ PRINCE OPARAJI, Appellant, v LAWRENCE T. YABLON et al., Respondents. [6 NYS3d 17]—

Orders, Supreme Court, New York County (Richard F. Braun, J.), entered December 12, 2013, which denied plaintiff's motion for default judgment, and granted defendants' motion to dismiss the amended complaint, unanimously affirmed, without costs.

This case involves a pro se action against defendants, a lawyer and his law firm, arising from their purported conspiracy, fraud, and deceptive business practices while representing plaintiff in connection with personal injuries sustained in an automobile accident when he was a minor, nearly 15 years ago. Plaintiff alleges, inter alia, that defendants told plaintiff's father that they would file a personal injury action on plaintiff's behalf, that they failed to file such action, and that they then conspired with plaintiff's treating physician to cover up his injuries. Plaintiff also alleges, through a separate affidavit, that defendants secretly filed a cause of action in Kings County on plaintiff's behalf and received a $25,000 settlement that they kept for themselves, without plaintiff's knowledge or consent.

Giving plaintiff the benefit of every inference, we find that he has failed to state causes of action for civil conspiracy, fraud, and deceptive business practices and false advertising pursuant to New York General Business Law §§ 349 (h) and 350-e (*Leon v Martinez*, 84 NY2d 83 [1994]; *Thomas v Thomas*, 70 AD3d 588, 590 [1st Dept 2010]).

New York does not recognize a cause of action for civil conspiracy (*Bronx-Lebanon Hosp. Ctr. v Wiznia*, 284 AD2d 265, 266 [1st Dept 2001], *lv dismissed* 97 NY2d 653 [2001]). The IAS Court properly dismissed this claim with prejudice.

With respect to plaintiff's fraud claims, he has failed to allege any of the particulars surrounding the defendants' claimed subterfuge, and has failed to allege damages separate and apart from those he sustained in the 2001 automobile accident (*Graubard Mollen Dannett & Horowitz v Moskovitz*, 86 NY2d 112, 122 [1995]; CPLR 3016 [b]). Plaintiff admits that he timely commenced a separate personal injury action to recover for his personal injuries. If plaintiff wishes to supplement his allega-

tions he should apply for this relief from the motion court, which dismissed the fraud claim without prejudice.

Plaintiff has also failed to state a claim for deceptive business practices or false advertising pursuant to New York General Business Law §§ 349 (h) and 350-e, as plaintiff has failed to make any allegations whatsoever relating to conduct that is consumer oriented, or that defendants have engaged in false advertising (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 324 n 1 [2002]; *Cruz v NYNEX Info. Resources*, 263 AD2d 285, 289-290 [1st Dept 2000]). This claim, too, was properly dismissed.

It is beyond dispute that plaintiff's motion for default judgment, made nineteen days after he amended his pleading, was premature (*see* CPLR 3025 [d]; 2103 [b], [c]) and as such, properly denied.

We have considered plaintiff's remaining contentions, and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Clark and Kapnick, JJ.