■ MID-STATE MANAGEMENT CORP., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent.—In a consolidated proceeding pursuant to CPLR article 78 to review two determinations of the Division of Housing and Community Renewal (hereinafter DHCR), which ordered, inter alia, inclusion of master television antenna service in a registration statement, the building owner appeals from so much of a judgment of the Supreme Court, Kings County (Morton, J.), dated May 2, 1986, as confirmed the determination of the DHCR and dismissed the proceeding.

Ordered that the judgment is reversed insofar as appealed from, without costs or disbursements, the petitions are granted, the determinations of the DHCR are annulled, and the matter is remitted to the DHCR for a new determination on the objections to the petitioner's registration statement.

The appellant owned a building in Brooklyn which was subject to the Rent Stabilization Law (Administrative Code of City of New York § 26-504). Pursuant to that statute, the appellant filed a registration statement. Two tenants objected

to the statement on the ground that it did not include a master television antenna as a service provided by the building owner. The District Rent Administrator sustained the tenants' objections and directed that the statement be corrected to include antenna service. On administrative review by the DHCR and again in the consolidated CPLR article 78 proceeding, this determination was upheld. Pursuant to the applicable provisions of the Code of the Rent Stabilization Association of New York City, Inc., as it existed in 1984 through 1986 when these proceedings were held, the determinations were correct. Section (2) (m) of that code included in the definition of required services which must be listed in the registration statement "ancillary services including * * * recreational facilities". If the service was provided by an independent contractor and had so been provided since the effective date of the Rent Stabilization Law, and the building owner had no ownership interest in the service, the charge for the service was not subject to the limitations of the Rent Stabilization Law (see, former Code of the Rent Stabilization Association of New York City, Inc. § 2 [m] [1] [a] [ii]). The owner's obligation was merely to maintain the service by contracting with an independent contractor.

Were it not for a change in the law which occurred while this appeal was pending, we would affirm. However, effective May 1, 1987, the DHCR promulgated a new Rent Stabilization Code. The new code provides that ancillary services for which there is a separate charge are not subject to the code if the service "was provided on the applicable base date and at all times thereafter by an independent contractor" and "where no common ownership between the operator of such service and owner exists or existed on the applicable base date, or at any time subsequent thereto" (Rent Stabilization Code [9 NYCRR] § 2520.6 [r] [4] [xi]). The parties concede that the new code is applicable to this appeal. The DHCR requests that this matter be remitted for a new hearing and the appellant concedes that a hearing in this regard is necessary. Accordingly, this case is remitted to the DHCR for a hearing to determine whether the three factors which would exempt the service under the new code exist. Following the hearing, the Supreme Court shall direct approval or disapproval of the registration statement in accordance with the factual findings. Thompson, J. P., Lawrence, Rubin and Spatt, JJ., concur.