■ In the Matter of SUZANNE K. BLACKMER, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. PARK SOUTH ASSOCIATES, Intervenor-Respondent.—Order and judgment (one paper), Supreme Court, New York County (Amos Bowman, J.), entered June 25, 1987, which denied and dismissed petitioner's CPLR article 78 petition challenging the determination of the respondent dated June 10, 1986 which decontrolled apartment 3A at 100 Central Park South on the ground that petitioner did not use the apartment as her primary residence, unanimously reversed, on the law, and the petition granted to the extent of annulling the determination and remanding the matter to the Division of Housing and Community Renewal (DHCR) for reconsideration de novo as to petitioner's status as a primary resident as of February 18, 1986, without costs.

Petitioner Suzanne Kaaren Blackmer has lived at 100 Central Park South, apartment 3A, as a rent-controlled tenant since the 1940's. In 1981, the then landlord filed with the New York City Department of Rent and Housing Maintenance an application for decontrol of the premises on the ground that Ms. Blackmer owned a house in North Carolina and did not use the subject apartment as her primary residence. Ms. Blackmer admitted that she owned the house in North Carolina, as a devise from her late husband's family, and that she occasionally stayed there. However, she asserted that the subject apartment was her primary residence. After both sides submitted considerable documentation but before the city agency acted on the application, the current landlord, intervenor Park South Associates, acquired the building and thereafter submitted a new application for decontrol on the same ground. In the ensuing months, both the landlord Park South and the tenant, Ms. Blackmer, submitted much additional evidence to the city agency. Furthermore, the city conducted an inspection of the apartment on April 21, 1982. The findings of the inspector revealed an "indication of normal residential occupancy" and supported a determination that the apartment was Blackmer's primary residence. After consideration of all the evidence presented, the District Rent Director found that the apartment was Ms. Blackmer's primary residence and ordered that the landlord's application for decontrol be denied.

The landlord Park South filed an administrative appeal of this order by filing a protest with the Commissioner of the Department of Rent and Housing on October 29, 1982. Because of the backlog in its office, over 18 months elapsed before the Commissioner took any action on the protest. Finally, a hearing was held before the New York State Division of Housing and Community Renewal on June 13, 1984, and the parties also submitted additional written material. At this hearing, the tenant was questioned regarding many aspects of her ownership of the house in North Carolina, and about the connections she had with the New York apartment. Ms. Blackmer, who was not represented by counsel, often did not focus her responses on the issues relating to her primary residence for the period in question, since by this time three years had elapsed.

After many more months of delay, the Deputy Commissioner of DHCR terminated the appeal on March 22, 1985 because of the change of the law in 1983 (L 1983, ch 403) which transferred jurisdiction of primary residence decontrol

proceedings from administrative agencies to the courts. However, upon the landlord's article 78 petition, the Supreme Court (Martin Evans, J.) on July 8, 1985 ordered this proceeding, which was instituted before the change of the law, to be reinstated before DHCR and remanded the matter for a determination by that administrative agency.

After considering the matter on the merits, DHCR finally ruled on October 18, 1985. The Deputy Commissioner denied the landlord's administrative appeal and ruled in favor of the tenant, finding that "the evidence of record indicates that, while the tenant has been away from the subject accommodation on various occasions, she continues to maintain the subject accommodation as her primary residence."

The landlord commenced another article 78 petition challenging this determination. In this proceeding, the relief sought by Park South was alternatively to set aside the administrative determination and grant the landlord's application for decontrol, or to "remand the matter de novo for further consideration." Justice Shainswit granted the petition "to the extent that the matter is remanded to respondent [DHCR] for full reconsideration" in an order dated February 18, 1986.

Upon remand from Justice Shainswit's order, DHCR merely reviewed the evidence previously submitted and issued an order which, after summarizing the lengthy record, stated that the evidence supported the landlord's contention that the apartment was not the tenant's primary residence, without elaboration and without any explanation for the about-face reversal of its prior determination. The tenant brought the instant article 78 proceeding challenging this determination. The IAS Judge found a rational basis in the record to support DHCR's order and denied and dismissed the petition, in an order entered June 25, 1987. The IAS Judge based his decision in part upon the reason that much of the tenant's proof was not relevant to the period of alleged nonprimary residency, apparently meaning the years 1981 and 1982, the time of the original two applications.

The foregoing detailed recitation of the lengthy history of this drawn-out proceeding reveals that during the repeated administrative proceedings, article 78 petitions, and various remands to the administrative agency, considerable confusion has developed and permeates the manifold record of protracted procedures. In four separate rulings, all basically based on the same confusing evidence originally submitted,

the tenant prevailed twice and the landlord has now prevailed twice. The various proceedings, now spread over seven years, have elicited much evidence concerning many facets of petitioner's tenancy covering many years, some of it, as the IAS Judge noted, not directly related to the relevant scope of these proceedings. Much of the confusion stems from the fact that the prior proceedings failed to focus on the specific issues of primary residency in the specific time frame involved.

Because of the confused nature of the present record, and under the unique and complex circumstances of this case, it is evident that further proceedings before the administrative agency are desirable. Accordingly, we remand the matter to DHCR for de novo reconsideration of the matter and, to alleviate any further confusion, it is ordered that the focus of these proceedings be directed to the issue of the primary residence of the tenant as of February 18, 1986, the date when de novo review was originally ordered. Concur—Kupferman, J. P., Carro, Kassal, Rosenberger and Ellerin, JJ.