■ LILLIAN SERIL, Individually and as Executrix of NATHAN SERIL, Deceased, Respondent, v DIVISION OF HOUSING AND COMMUNITY RENEWAL, OFFICE OF RENT ADMINISTRATION OF THE STATE OF NEW YORK, et al., Appellants, and BELNORD TENANTS ASSOCIATION et al., Intervenors-Appellants.—Judgment, Supreme Court, New York County (Martin Stecher, J.), entered May 26, 1988, which granted petitioner's motion for renewal and reargument of a prior decision of the same court and Justice, dated January 15, 1988, denying her CPLR article 78 challenge of two administrative orders issued by respondent on March 17, 1987, which found petitioner to be ineligible for maximum base increases for the years 1980/1981 and 1984/1985 and, upon reargument, vacated the court's prior decision and granted the article 78 petition to the extent of annulling the administrative orders and remanding the proceeding to respondent Division of Housing and Community Renewal (DHCR) for a hearing encompassing all disputed issues of fact, unanimously reversed, on the law, the motion denied and the administrative determinations reinstated and confirmed, and the petition denied and dismissed, without costs.

The issue on this appeal is whether the Division of Housing and Community Renewal had a rational basis for denying the

applications of petitioner Lillian Seril, who is the owner of a building located at 201-223 West 86th Street, for maximum base rent (MBR) increases for the 1980/1981 and 1984/1985 rent cycles. Because the record herein reveals extant findings of harassment, failure to provide essential services, and a continuous, consistent and uncorrected pattern of "rent-impairing violations", we conclude that DHCR did, in fact, have a rational basis for denying the subject applications for the years in question. DHCR's determinations were, therefore, neither arbitrary and capricious nor did they constitute an abuse of discretion. Indeed, any one of the three grounds stated above would have sufficed to support DHCR's denials of the MBR applications for the periods in question. *(See, e.g., Matter of Meko Holding v Joy,* 107 AD2d 278, 282-283 [1st Dept 1985], *mot to dismiss appeal granted* 65 NY2d 923 [regarding harassment]; *Matter of 230 E. 52nd St. Assocs. v State Div. of Hous. & Community Renewal,* 131 AD2d 349, 350-351 [1st Dept 1987] [concerning necessary and essential services]; *Pearce, Mayer & Greer v Joy,* 63 AD2d 928 [1st Dept 1978], *affd* 48 NY2d 680 [rent-impairing violations].)

Insofar as the instant article 78 petition is concerned, the IAS court initially and correctly held that in view of petitioner's failure to maintain essential services, correct violations and failure to seek the removal of outstanding findings of harassment, DHCR's determinations had a rational basis. However, petitioner moved for renewal and reargument, urging that because the DHCR did not comply with a 1983 directive of then Commissioner Daniel W. Joy that a hearing be held, the 1987 orders were arbitrary and capricious. The IAS court agreed and granted reargument.

We hold that the IAS court erred. Petitioner correctly notes that, when "an agency determines to alter its prior stated course it must set forth its reasons for doing so" and "[a]bsent such an explanation, failure to conform * * * require[s a] reversal on the law as arbitrary, even though there is in the record substantial evidence to support the determination made". *(Matter of Field Delivery Serv. [Roberts],* 66 NY2d 516, 520 [1985].)* However, in the case at bar, notwithstanding that the "suggested" hearing was never held, the record was more than sufficient to support the DHCR's rulings, and in any event, additional and substantial evidence was developed subsequent to the 1983 directive, which constituted sufficient evidence to support a denial of the MBR requests. In light of the extensive support in the record of independent grounds for denial of the MBR's, we decline to hold that petitioner is

entitled to a hearing in order to reach a determination consistent with due process. *(See, Matter of Aguayo v New York State Div. of Hous. & Community Renewal,* 150 AD2d 565, 566-567 [2d Dept 1989].)

Thus, since DHCR's determination cannot be said to be arbitrary and capricious, and the IAS court erred in withdrawing its original holding, we now reinstate. Concur—Kupferman, J. P., Carro, Smith and Rubin, JJ.