■ ALAN G. STEVENS, Respondent, v J.R. KIRK, JR., et al., Appellants.—Order of the Supreme Court, New York County (David Edwards, Jr., J.), entered July 13, 1989 which, upon plaintiff's motion to renew, vacated a January 31, 1989 order dismissing the complaint on collateral estoppel grounds pursuant to CPLR 3211 (a) (5), and which reinstated the complaint, unanimoulsy affirmed, without costs.

At issue on this appeal is whether the dismissal of plaintiff's securities claims for lack of standing by the United States District Court for the Southern District of New York operates as a collateral estoppel with respect to plaintiff's common law claims asserted under State law. In its order granting summary judgment, the District Court found that plaintiff was not a shareholder of defendant Western United Mines, Inc. so as to be able to maintain the Federal action, concluding, "Thus, the Court no longer has jurisdiction over plaintiffs' pendent state claims." On this appeal, defendants maintain that plaintiff is estopped to assert claims under State law based upon the same proof of ownership of shares issued by defendant Western United Mines, Inc. as was found to be insufficient by the Federal court.

Defendants' contention is without merit. In order to invoke the doctrine of res judicata or collateral estoppel, it is essential that the disposition asserted as a bar to further prosecution of the action be one on the merits *(Maitland v Trojan Elec. & Mach. Co.,* 65 NY2d 614; Siegel, NY Prac § 446). The District Court dismissed plaintiff's State claims on the ground that it lacked pendent jurisdiction, having dismissed the action asserted under Federal law. The effect of the District Court's adjudication is merely to preclude litigation of plain-

tiff's State claims in the federal courts. According its judgment collateral estoppel effect, as defendants urge, would lead to the absurd result that plaintiff would be required to pursue an appeal of the determination in Federal court in order to preserve his right to pursue a State claim over which the District Court expressly held it lacked jurisdiction.

Moreover, the ruling of a foreign court with regard to the issue of standing reflects only its parochial view of the question. It does not preclude the courts of this State from making a determination whether the law and policy of New York afford standing to a given plaintiff *(Alco Gravure v Knapp Found.,* 64 NY2d 458, 465).

Defendants' remaining contentions have been examined and found to be without merit. Concur—Milonas, J. P., Ellerin, Ross, Kassal and Rubin, JJ.