■ In the Matter of BRITTON REALTY Co., Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant

At issue is respondent's April 27, 1988 order and opinion denying petitioner-landlord's petition for administrative review of the order of the District Rent Administrator dated April 30, 1986, wherein the Administrator ruled that petitioner-landlord was providing a laundry room and storage space for the building and could not charge the residential tenant for use of electricity for air conditioning.

Such ruling was in response to the tenant's objection to the landlord's rent services registration form for her apartment dated July 19, 1984. In its response dated August 15, 1985, the landlord stated that it was checking to see if the tenant had an air conditioner so that it could surcharge her $19.43 per unit per month; that the laundry referred to was a commercial laundry which leased space in the building; that there was no storage space in the building; and, requested an inspection of the building.

In reply, the tenant stated that the landlord had never charged separately for air conditioner electricity; that her original 1982 lease was signed on the understanding that it was included in the rent; that permitting her to maintain an air conditioner without additional charge had become a "required service"; and, that the landlord through its agents was aware of her air conditioner and had waived any right to charge for it. As to the commercial laundry, the tenant stated that it was in the basement of the building and unlike the other commercial tenants in the building did not have a separate entrance other than through the door of the building. Regarding storage space, the tenant urged that while it may not exist at present, it once did as evidenced by signs requesting the building's tenants to remove their belongings from the storage room.

In its ruling, respondent found that it had previously affirmed a similar finding by the District Rent Administrator that a laundry room and storage space are services provided for the premises by the owner and reaffirmed such finding. As to air conditioning, respondent found that petitioner has not submitted any evidence, such as a lease provision, indicating that the tenant was required to pay for electricity for the use

of air conditioning on or since the base date of May 31, 1968, as provided in Rent Stabilization Code (9 NYCRR) § 2520.6 (r), or any evidence proving that the tenant ever paid for the use of such electricity or refuting her contention that charges for the use of electricity for air conditioning had always been included in the rent.

The IAS court remanded the matter to respondent for issuance of a written decision within 45 days. On reargument, after it was pointed out that respondent had already issued its written decision, the court remanded the matter to respondent for further examination and the issuance of a new decision within 60 days, finding: "It is obvious that inadequate exploration was given as to the issues of laundry-room and storage. A physical inspection of the air conditioning is also indicated."

First, it should be noted that petitioner never sought judicial review of respondent's prior determination which had previously affirmed the District Rent Administrator's findings regarding the laundry and storage issues. Petitioner has also failed to respond to respondent's present appeals.

In reviewing respondent's administrative determination, the issue is whether or not there is a rational basis for the DHCR order. "It is well recognized that it is for the administrative agency to determine what constitutes a required service and whether such services have been maintained * * * Plainly, these are factual matters and the agency's determination must be upheld in the absence of finding that the administrative determination was arbitrary, capricious or irrational." (Matter of 230 E. 52nd St. Assocs. v State Div. of Hous. & Community Renewal, 131 AD2d 349, 350-351.)

The present record amply supports respondent's findings as to each of the three contested services. There is simply no need for an inspection of the premises, since it is undisputed that there is a commercial laundry in the basement and that the landlord at one time allowed tenants to use an area of the basement for storage and then unilaterally withdrew such permission. The fact that the laundry is leased to an independent contractor has no bearing on whether it is an essential service provided by the building owner. (See, Mid-State Mgt. Corp. v New York State Div. of Hous. & Community Renewal, 136 AD2d 529.) Nor, would an inspection of the premises add anything to the material issue of whether or not the landlord has a history of charging this tenant for electricity used for air conditioning. Concur—Ellerin, J. P., Wallach, Kupferman and Ross, JJ.