■ In the Matter of JAMES FARRAN, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent.

The petitioner owned a building in Brooklyn which was subject to the Rent Stabilization Law (see, Administrative Code of City of New York § 26-504). On March 17, 1984, two tenants who resided in one of the petitioner's apartments filed a complaint with the New York City Conciliation and Appeals Board alleging a rent overcharge. On April 1, 1984, the New York State Division of Housing and Community Renewal (hereinafter the DHCR) assumed the responsibility of determining the rent overcharge complaint. The petitioner advised

the DHCR that, in 1982, while the apartment was vacant, he installed a new bathroom and piping therein at a cost of $4,600. To substantiate the improvements made, the petitioner submitted various documents, cancelled checks, and an affidavit from the tenant who moved into the apartment after the improvements were made. The petitioner also stated that he made several other improvements to the apartment, which he sought to substantiate by submitting an estimate from M & G Contractors (hereinafter M & G) on the cost of such work.

On October 14, 1986, the District Rent Administrator (hereinafter DRA) determined that, due to the improvements made in 1982, the petitioner was entitled to a rent increase in the amount of $115 per month. The DRA disallowed the cost of certain alleged renovations and ordered the petitioner to refund a $2,066.35 overcharge to the tenants.

In November 1986 the petitioner filed a Petition for Administrative Review (hereinafter PAR) challenging the DRA order insofar as it disallowed increases based on certain alleged renovations. In support of the PAR, the petitioner resubmitted bills, invoices, and cancelled checks to substantiate the improvements made to the apartment in 1982. The tenants also filed a PAR challenging the DRA order.

On March 28, 1989, DHCR denied the tenants' PAR but granted the petitioner's PAR in part, determining that the petitioner was entitled to an additional rent increase of $33.26. However, the DHCR disallowed increases for improvements reflected in the M & G invoice. The DHCR stated that the contract did not identify the apartment where the work was to be done, listed various items that did not constitute renovations, and did not indicate that the contract had been paid.

In April 1989 the petitioner requested a reconsideration of the PAR order on the ground that the M & G invoice noted that it was for apartment "2 Rt." and that, although the date thereon could be read as "1962", it actually stated June 5, 1982. The DHCR granted the petitioner's request and, on August 8, 1989, it issued an amended order stating that the M & G contract was fraudulently altered by the petitioner and that "the entire amount claimed for renovations to the [apartment was thereby] disallowed and the [petitioner was] permanently barred from seeking a rent increase for [those] items". DHCR also imposed treble damages against the petitioner for overcharges collected after April 1, 1984, due to the latter's willful attempt to collect an illegal rent.

On October 5, 1989, the petitioner commenced this proceeding, in which he alleged, *inter alia,* that his due process rights were violated by DHCR's failure to conduct a hearing to determine whether the submission of different versions of the M & G invoice was fraudulent. He also urged that the DHCR failed to consider that the invoice from M & G was submitted solely for the purpose of estimating the cost of the work he performed.

On appeal, the petitioner argues, the respondent concedes, and we agree that DHCR should have conducted a hearing concerning the different versions of the M & G invoice. DHCR's failure to do so rendered the record insufficient to support its findings *(cf., Seril v Division of Hous. & Community Renewal,* 163 AD2d 131, 132; *Matter of Aguayo v New York State Div. of Hous. & Community Renewal,* 150 AD2d 565, 566-567). Accordingly the matter is remitted to DHCR for a determination as to whether any or all of the versions of M & G invoice were fraudulent *(see generally, Matter of Blackmer v New York State Div. of Hous. & Community Renewal,* 141 AD2d 334, 337; *Mid-State Mgt. Corp. v New York State Div. of Hous. & Community Renewal,* 136 AD2d 529, 530).

In light of the foregoing determination, we decline to address the petitioner's remaining contentions. Thompson, J. P., Sullivan, Eiber and Copertino, JJ., concur.