■ In the Matter of POWER COOLING INC., Appellant, v STATE UNIVERSITY OF NEW YORK et al., Respondents. [665 NYS2d 909] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondents to award a contract to install and service certain air conditioning equipment at the State University of New York Health Science Center at Brooklyn, New York, to a bidder other than the petitioner, the appeal is from a judgment of the Supreme Court, Kings County (Held, J.), dated September 13, 1996, which, upon granting the respondents' motion to dismiss the proceeding, denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, without costs or disbursements, the motion is denied, and the matter is remit-

ted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

The respondents contend that the petitioner was not the lowest responsible bidder for the contract (*see,* State Finance Law § 163 [10]). They claim that the petitioner provided unqualified personnel to perform the required work, specifically contending that the petitioner's technicians did not possess "Type III" or "Universal" certification under Federal Environmental Protection Agency regulations (*see,* 40 CFR 82.161 [a] [3], [4]). The petitioner contends that such certification is not required for the work to be performed on the contract for which they submitted a bid. The Supreme Court granted the respondents' motion to dismiss the proceeding without a hearing.

The parties have provided only conclusory assertions in support of their respective contentions as to the certification requirements. Inasmuch as it cannot be determined on the record whether the work involved must be performed exclusively by "Type III" or "Universal" technicians, there are factual issues which must be resolved at a hearing (*see, Matter of Jerkens Truck & Equip. v City of Yonkers,* 130 AD2d 576). Rosenblatt, J. P., Copertino, Goldstein and Luciano, JJ., concur.