■ 815 PARK AVENUE OWNERS, INC., Respondent-Appellant, v EDWARD A. METZGER, Appellant-Respondent. [672 NYS2d 860] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered October 31, 1997, which, in an action by a residential cooperative against a tenant/shareholder to recover, *inter alia*, maintenance arrears and attorneys' fees, granted plaintiff's motion for partial summary judgment as to liability on its second cause of action insofar as it seeks attorneys' fees incurred in this action and denied the motion with respect to fees incurred in a related Civil Court action and an intervening CPLR article 78 proceeding, and which denied defendant's cross motion seeking summary judgment on his counterclaim for attorneys' fees and dismissal of plaintiff's second cause of action, unanimously modified, on the law, to the extent of granting plaintiff's motion for partial summary judgment in the entirety and remanding the matter to Supreme Court for determination of the amount of all attorneys' fees incurred in the several proceedings and, except as so modified, affirmed, without costs.

There is no merit to defendant's argument that plaintiff improperly split its cause of action for attorneys' fees from that seeking recovery of monthly maintenance arrears, both claims having been asserted in the same action (*cf., 930 Fifth Corp. v King*, 42 NY2d 886). Nor does the judgment obtained by plaintiff on its cause of action for maintenance arrears, already satisfied by defendant, have any res judicata effect on plaintiff's cause of action for attorneys' fees. The two claims, although interrelated, are clearly distinct, and it is common practice to sever a derivative claim for attorneys' fees upon granting judgment on the main claim (*see, e.g., Taylor v Blaylock & Partners*, 240 AD2d 289 [Labor Law § 198]; *A & M Exports v Meridien Intl. Bank*, 222 AD2d 378 [CPLR 6312 (b)]).

We do not agree with Supreme Court's conclusion that the releases exchanged by the parties to this dispute obviate recovery of attorneys' fees for the related Civil Court litigation and the article 78 proceeding. Insofar as pertinent to this dispute, the stipulation entered into by the parties plainly states that "the releases shall specifically except from their terms (1) the Co-op's claim for attorneys' fees against Metzger and Metzger's claim for attorneys' fees against the Co-op." The releases recite that nothing contained therein shall operate to relinquish claims "for attorneys' fees arising out of *or alleged in* [this] litigation" (emphasis added). To the extent that the

quoted language in the release might be construed as ambiguous, the clear import of the stipulation dispels any doubt as to its meaning.

Defendant nevertheless contends that plaintiff cannot recover attorneys' fees incurred in the Civil Court action because it was dismissed for lack of jurisdiction and, therefore, plaintiff cannot be said to have prevailed in that action. Defendant's contention is without merit. This Court has often noted that Civil Court is the preferred forum in which to conduct landlord-tenant litigation (*Cox v J.D. Realty Assocs.*, 217 AD2d 179, 182-183). In any event, it is settled that dismissal of an action for want of jurisdiction is not an adjudication on the merits (*Stevens v Kirk*, 171 AD2d 587, citing *Maitland v Trojan Elec. & Mach. Co.*, 65 NY2d 614). That defendant tenant may have been successful in protracting this litigation, wherever and by whatever means, does not make him a prevailing party; nor can it be gainsaid that plaintiff landlord succeeded in obtaining the central relief it sought (*cf., Nestor v McDowell*, 81 NY2d 410, 415-416). Concur—Sullivan, J. P., Ellerin, Rubin, Williams and Andrias, JJ.