■ LAMPROS FATSIS et al., Appellants, v 360 CLINTON AVENUE TENANTS CORP. et al., Respondents. [709 NYS2d 421] —In an action, *inter alia,* for a judgment declaring that the plaintiffs are not obligated to pay an attorney's fee to the defendant 360 Clinton Avenue Tenants Corp. in the principal sum of $8,046.94, representing the amount the plaintiffs paid into an escrow account, and, in effect, that the plaintiffs are entitled to recover the money held in escrow, the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Barasch, J.), entered February 24, 1999, which, after a nonjury trial, is in favor of the defendant 360 Clinton Avenue Tenants Corp. and against them in the principal sum of $8,046.94.

Ordered that the judgment is reversed, on the law, with costs, and it is declared that the plaintiffs are not obligated to pay the defendant 360 Clinton Avenue Tenants Corp. an attorney's fee in the principal sum of $8,046.94, and that the plaintiffs are entitled to recover the money held in escrow.

In general, only a prevailing party is entitled to recover an attorney's fee. To be considered a prevailing party, a party must be successful with respect to the central relief sought (*see, Nestor v McDowell,* 81 NY2d 410, 415-416; *25 E. 83 Corp.*

*v 83rd St. Assocs.*, 213 AD2d 269). The defendant 360 Clinton Avenue Tenants Corp. was not the prevailing party in the underlying summary proceeding in this case. Accordingly, the plaintiffs are not obligated to pay that defendant an attorney's fee, and the plaintiffs are entitled to recover the money held in escrow.

The plaintiffs' remaining contentions are without merit. Joy, J. P., Goldstein, H. Miller and Schmidt, JJ., concur.