■ In the Matter of CAROL LYONS et al., Respondents, v JAMES J. WHITEHEAD, as Director of Letchworth Developmental Disabilities Service of State of New York, Appellant. [738 NYS2d

671] —In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of James J. Whitehead, the Director of Letchworth Developmental Disabilities Service of the State of New York, terminating the employment of the petitioner Carol Lyons and to restore her to her employment, the appeal is from a judgment of the Supreme Court, Rockland County (Bergerman, J.), dated March 22, 2000, which granted the petition.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Rockland County, for further proceedings consistent herewith.

The petitioner Carol Lyons (hereinafter the petitioner) was employed at the Letchworth Developmental Disabilities Service of the State of New York (hereinafter Letchworth). In February 1999 she and her employer, the appellant, James J. Whitehead, the Director of Letchworth, entered into an agreement settling a disciplinary proceeding filed against her (hereinafter the Settlement Agreement). Pursuant to the Settlement Agreement, the petitioner agreed to enter a treatment program to treat her abuse of prescription drugs, to follow the program's attendance requirement, and to complete the program. She was also placed on "general probation status" for one year, and her employment could be terminated for a violation of her probation "except for time and attendance infractions."

In March 1999 the petitioner was scheduled to attend, but did not attend, a "medication course" or "medication administration classes." The appellant treated her failure to attend as a breach of the Settlement Agreement and terminated her employment. The petitioner and the Civil Service Employees' Association, Inc., then commenced this proceeding pursuant to CPLR article 78, inter alia, to review the appellant's determination and restore the petitioner's employment, claiming that her failure to attend the medication course was a "time and attendance infraction." The Supreme Court granted the petition and directed that the petitioner be restored to her employment with the appellant. We reverse and remit the matter to the Supreme Court, Rockland County, for a hearing as to whether the petitioner's failure to attend the "medication course" was a "time and attendance infraction" under the Settlement Agreement.

The parties agree that the court must determine whether the appellant's action was arbitrary and capricious (see, Matter of Pell v Board of Educ., 34 NY2d 222). "The arbitrary and capricious test chiefly 'relates to whether a particular action should have been taken or is justified * * * and whether the

administrative action is without foundation in fact.' * * * Arbitrary action is without sound basis in reason and is generally taken without regard to the facts" (*Matter of Pell v Board of Educ., supra* at 231, quoting 1 NY Jur, Administrative Law § 184, at 609).

Because the Settlement Agreement is a contract between the parties, it must be construed according to ordinary contract law. The court must "determine the intention of the parties as derived from the language employed in the contract," and it "should strive to give a fair and reasonable meaning to the language used" (*Abiele Contr. v New York City School Constr. Auth.,* 91 NY2d 1, 9-10; *see, Matter of Gamma v Bloom,* 274 AD2d 14, 17; *Matter of Andrus Mem. Home v DeBuono,* 260 AD2d 635, 636; *Matter of Macrae v Dolce,* 249 AD2d 476, 477). Applying the foregoing to the Settlement Agreement, it is clear that the appellant could terminate the petitioner's employment for a violation of her probation, "except for time and attendance infractions."

The parties dispute the nature of the "medication course" the petitioner failed to attend. The appellant contends that it was part of the treatment program that the petitioner agreed to attend as part of the Settlement Agreement, and the petitioners contend that it was "a mandatory course for all employees working at [the petitioner's] grade and title to be recertified to perform the duties of dispensing medication to patients." The appellant's contention that the issue of the nature of the "medication course" is not preserved for appellate review is without merit. The issue was raised by implication in the petition, as well as the appellant's letter of March 29, 1999, notifying the petitioner that she was discharged from her employment.

The nature of the medication course cannot be determined from the record and therefore, we cannot determine whether or not the petitioner's failure to attend it was a "time and attendance infraction" (*see, Matter of Power Cooling v State Univ. of N.Y.,* 244 AD2d 493, 494; *Matter of Farran v New York State Div. of Hous. & Community Renewal,* 179 AD2d 757; *Matter of Jerkens Truck & Equip. v City of Yonkers,* 130 AD2d 576). Thus, the matter must be remitted to the Supreme Court, Rockland County, for a hearing on the issues of whether the medication course was the same as the treatment program, and if not, whether her absence falls within the category of "time and attendance infractions," and a new determination. Krausman, J.P., Friedmann, Adams and Crane, JJ., concur.