■ THE BOARD OF MANAGERS OF THE AMHERST CONDOMINIUM, Respondent, v CC MING (USA) LTD. PARTNERSHIP, Appellant, et al., Defendants. [764 NYS2d 271] —Order, Supreme Court, New York County (Shirley Kornreich, J.), entered March 12, 2002, which, inter alia, denied the motion of defendant CC Ming (USA) Ltd. Partnership for partial summary judgment dismissing that part of plaintiff condominium's action seeking to foreclose upon the condominium unit lien dated March 13, 2000 for CC Ming's failure to pay condominium common charges representing litigation and professional fees incurred by plaintiff in prior actions and proceedings between plaintiff and CC Ming, unanimously affirmed, with costs.

While it is generally impermissible to seek litigation fees related to the prosecution of an action in a separate action without an order severing the claim (*see e.g. 930 Fifth Corp. v King,* 42 NY2d 886, 887 [1977]; *815 Park Ave. Owners v Metzger,* 250 AD2d 471 [1998]), here the doctrine against "splitting" a cause of action is not properly invoked to prevent plaintiff condominium from asserting its claim for legal fees incurred in prior litigation with defendant CC Ming since plaintiff's recovery of such legal fees by means of subsequently imposed common charges is expressly authorized by the condominium bylaws. CC Ming, as a unit owner, agreed to the separate assertion of plaintiff condominium's recoupment claim by voluntarily agreeing to be governed by the condominium bylaws (*see Matter of Levandusky v One Fifth Ave. Apt. Corp.,* 75 NY2d 530 [1990]). Contrary to CC Ming's contention, the subject bylaws do not condition the right of the condominium to recoup litigation-related expenses as common charges upon a judicial determination that a unit owner breached or violated a bylaw provision. Concur—Andrias, J.P., Saxe, Sullivan, Rosenberger and Marlow, JJ.