■ In the Matter of CAROL LYONS et al., Respondents, v JAMES J. WHITEHEAD, Appellant. [769 NYS2d 283]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the appellant dated April 22, 1999, terminating the employment of the petitioner Carol Lyons, the appeal is from a judgment of the Supreme Court, Rockland County (Bergerman, J.), dated August 7, 2002, which granted the petition.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits.

The petitioner Carol Lyons (hereinafter the petitioner) was employed as a Developmental Aide at Letchworth Developmental Disabilities Service of the State of New York (hereinafter Letchworth). In February 1999 she and her employer, James J. Whitehead, the Director of Letchworth, entered into an agreement settling a disciplinary proceeding filed against her (hereinafter the Settlement Agreement). Pursuant to the Settlement Agreement, the petitioner, inter alia, was placed on "general probation status" for a period of one year, and her employment could be terminated for a violation of her probation "except for time and attendance infractions" (*Matter of Lyons v Whitehead*, 291 AD2d 497, 498 [2002]).

In March 1999 the petitioner was scheduled to attend, but did not attend, a "medication course." She was required to attend this course in order to dispense medication in her position as a Developmental Aide. Thereafter, the appellant terminated her employment. The petitioner and the Civil Service Employees' Association, Inc., then commenced this CPLR article 78 proceeding to review the appellant's determination and restore her employment, claiming that her failure to attend the medication course was a "time and attendance infraction" under the Settlement Agreement. Although the Supreme Court granted the petition, this Court reversed the judgment and remitted the matter to the Supreme Court, Rockland County, for a hearing to determine whether or not the petitioner's failure to attend the medication course was a "time and attendance infraction" (*Matter of Lyons v Whitehead, supra* at 498). After the hearing, the Supreme Court adhered to its determination that the petitioner's failure to attend the medication course was a time and attendance infraction, and that the appellant's determination to fire the petitioner was arbitrary and capricious. We reverse.

The parties agree that the applicable standard is whether the appellant's determination has a rational basis or whether it was arbitrary and capricious (*see Matter of Gilman v New York State Div. of Hous. & Community Renewal*, 99 NY2d 144, 149 [2002];

*Matter of Nehorayoff v Mills,* 95 NY2d 671, 675 [2001]; *Matter of Lyons v Whitehead, supra).* Where a rational basis exists for the appellant's determination, neither this Court nor the Supreme Court should disturb the administrative agency's determination (*see Matter of Nehorayoff v Mills, supra* at 675). "The arbitrary and capricious test chiefly 'relates to whether a particular action should have been taken or is justified . . . and whether the administrative action is without foundation in fact.' . . . Arbitrary action is without sound basis in reason and is generally taken without regard to the facts" (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 231 [1974], quoting 1 NY Jur, Administrative Law § 184, at 609).

In this case, the Supreme Court improperly determined that the appellant's determination to terminate the petitioner's employment based upon her failure to attend the medication course was arbitrary and capricious. The testimony at the hearing established that the petitioner's failure to attend the course constituted insubordination and rendered her incompetent to dispense medication, one of the duties of a Developmental Aide. Thus, a rational basis existed for the appellant's determination that the petitioner's failure to attend the medication course was not solely a "time and attendance" infraction under the Settlement Agreement, and his decision to terminate the petitioner's employment should not be disturbed. Florio, J.P., Friedmann, H. Miller and Mastro, JJ., concur.