■ VILLAGE OF HEMPSTEAD, Appellant, v JULIUS TALIERCIO et al., Respondents. [778 NYS2d 519]—

In an action for a permanent injunction barring the defendants from operating the subject house as a rooming house in violation of the Code of the Village of Hempstead § 48-1A, the plaintiff appeals from an order of the Supreme Court, Nassau County (Martin, J.), dated June 6, 2003, which denied its motion, in effect, for leave to substitute Russell Oliveri, as executor of the estate of Peter Pirinea for the deceased party defendant Peter Pirinea and to amend the caption accordingly, and granted the cross motion of the defendant Julius T. Taliercio to dismiss the complaint, inter alia, on the ground that it was academic.

Ordered that the order is affirmed, with costs.

It is undisputed that the plaintiff's sole purpose in making its motion, in effect, for leave to substitute Russell Oliveri, as executor of the estate of Peter Pirinea for the deceased party defendant Peter Pirinea, was to pursue the recovery of an attorney's fee.

"In general, only a prevailing party is entitled to recover an attorney's fee" and "[t]o be considered a prevailing party, a party must be successful with respect to the central relief sought" (*Fatsis v 360 Clinton Ave. Tenants Corp.*, 272 AD2d 571 [2000]; *see Nestor v McDowell*, 81 NY2d 410, 415 [1993]; *Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]; *25 E. 83 Corp. v 83rd St. Assoc.*, 213 AD2d 269 [1995]). The plaintiff was not a prevailing party since the subject house, which the plaintiff alleged that the defendants were operating as an illegal rooming house, was sold in March 2002. Thus, the action for a permanent injunction barring the defendants from operating the house as a rooming house was rendered academic. Accordingly, the Supreme Court properly denied the motion and granted the cross motion. Florio, J.P., Adams, Cozier and Lifson, JJ., concur.