In the Matter of LOVE'M SHELTERING, INC., Appellant, v COUNTY OF SUFFOLK et al., Respondents. [824 NYS2d 98]—

In a hybrid proceeding pursuant to CPLR article 78 to review a final audit report of the respondent Office of the Suffolk County Comptroller which determined, inter alia, that the petitioner had been overpaid by the respondent County of Suffolk in the sum of $612,752, and an action, inter alia, for a judgment declaring that the audit was null and void, that the audit process was unconstitutional, and that the Office of the Suffolk County Comptroller was not entitled to recover that sum from the petitioner, the petitioner appeals from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Jones, Jr., J.), dated April 7, 2005, as denied its cross motion, inter alia, to fix the per diem rate paid to it by the respondent

Department of Social Services of the County of Suffolk at $82.75 per person, without prejudice to the commencement of a plenary action, denied the petition, and dismissed the hybrid proceeding and action.

Ordered that the order and judgment is modified, on the law, by adding thereto a provision declaring that the audit was valid and the audit process was constitutional; as so modified, the order and judgment is affirmed insofar as appealed from, with costs to the respondents.

Contrary to the petitioner's contention, the agreement it made with the County of Suffolk was not a contract of adhesion. A contract of adhesion contains terms that are unfair and nonnegotiable and arises from a disparity of bargaining power or oppressive tactics (*see Morris v Snappy Car Rental*, 84 NY2d 21, 30 [1994]; *Equitable Lbr. Corp. v IPA Land Dev. Corp.*, 38 NY2d 516, 523 [1976]). Here, the petitioner failed to establish the existence of an adhesion contract (*see Precision Mech. v Dormitory Auth. of State of N.Y.*, 5 AD3d 653, 654 [2004]).

It was within the County's authority to engage in the audit and recoupment procedures to which the petitioner contractually agreed but of which it now complains (*see Matter of Daleview Nursing Home v Axelrod*, 62 NY2d 30 [1984]; *Jewish Bd. of Family & Children's Servs. v City of New York*, 109 AD2d 619 [1985], *affd* 66 NY2d 710 [1985]). Since the terms of the agreement included the provisions regarding this audit and recoupment process, which do not involve any constitutionally protected right or benefit, the petitioner cannot be heard to complain that it has been deprived of substantive due process by virtue thereof (*cf. Matter of Cortlandt Nursing Home v Axelrod*, 66 NY2d 169, 182 [1985], *cert denied* 476 US 1115 [1986]).

The petitioner provided no basis upon which it could be concluded that the final audit report of the County or of the Office of the Suffolk County Comptroller, specifically, that the leases between the petitioner and Love'M Sheltering, Inc., were not arm's length transactions, was irrational, arbitrary and capricious, or made in bad faith (*see Matter of Lyons v Whitehead*, 2 AD3d 638, 639-640 [2003]). Accordingly, the determination should not be disturbed.

Since this is a hybrid proceeding and an action seeking, inter alia, a declaratory judgment, we modify the order and judgment by adding a declaration that the audit was valid and the audit process was constitutional (*see Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Crane, J.P., Ritter, Rivera and Lunn, JJ., concur.