■ FREDERICK J. MANCHESKI et al., Respondents, v GGCP, INC., Formerly Known as GABELLI GROUP CAPITAL PARTNERS,

INC., Appellant. [839 NYS2d 192]—In an action, inter alia, for dissolution of the defendant, the defendant appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County (Jamieson, J.), entered October 12, 2006, as granted that branch of the plaintiffs' motion which was to direct escrow agents to make a payment to the plaintiff Frederick J. Mancheski from an escrow account established pursuant to a settlement agreement in this action and denied those branches of its cross motion which were to direct the escrow agents to make a payment to it from the escrow account and for an award of an attorney's fee.

Ordered that the order is affirmed insofar as appealed from, with costs.

"Because [a] [s]ettlement [a]greement is a contract between the parties, it must be construed according to ordinary contract law" (*Matter of Lyons v Whitehead*, 291 AD2d 497, 499 [2002]). The court must "determine the intention of the parties as derived from the language employed in the contract, [and it] should strive to give a fair and reasonable meaning to the language used" (*Abiele Contr. v New York City School Constr. Auth.*, 91 NY2d 1, 9-10 [1997]; *see Lyons v Whitehead, supra* at 499). Here, based on the clear meaning of the language, the Supreme Court properly interpreted the terms of the parties' settlement agreement.

Contrary to the defendant's contention, it was not the prevailing party because it was not successful with respect to the central relief sought (*see Village of Hempstead v Taliercio*, 8 AD3d 476 [2004]). Therefore, it was not entitled to an attorney's fee pursuant to the terms of the settlement agreement. Accordingly, the Supreme Court properly denied that branch of the defendant's cross motion which was for an award of an attorney's fee. Miller, J.P., Mastro, Krausman and Carni, JJ., concur.