In a proceeding pursuant to CPLR article 78 to review a determination of the Deputy Commissioner of the New York State Division of Housing and Community Renewal dated November 25, 2008, the petitioner appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Feinman, J.), dated May 22, 2009, as denied that branch of the petition which was to reinstate revoked major capital improvement rent increases relating to roof, waterproofing, repointing, and lintel work, and dismissed that portion of the proceeding.
Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, with costs, that portion of the proceeding which was to reinstate revoked Major Capital Improvement rent increases relating to roof, waterproofing, repointing, and lintel work is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.
In 1999, the petitioner, Samson Management, LLC, the owner of a rent-stabilized apartment building in Long Beach, New York, applied for major capital improvement (hereinafter MCI) rent increases for its building. The application covered work on the front entrance door and the roof, along with waterproofing, repointing, and lintel work (hereinafter the work). In a determination dated August 16, 2000, the respondent, the New York State Division of Housing and Community Renewal (hereinafter the DHCR), granted the petitioner a rent increase in the sum of $22.64 per room per month based on the work. However, on January 12, 2001, the DHCR reduced the rent increase to the sum of $19.25 per room per month based upon its correction of the subject building’s room count.
In 2003, after a tenant filed a petition for administrative review (hereinafter Tenant’s PAR 1), the DHCR issued an order remitting the proceeding to the rent administrator for further proceedings based on the DHCR’s finding that the rent administrator should have inspected the building. On December 13, 2004, the rent administrator rescinded the MCI rent increases except for the work performed on the front entrance door. The rent administrator also reduced the rent increase to the sum of $0.46 per room per month, and directed that this reduction would be effective as of December 1, 2004.
Both the petitioner and a tenant filed PARs (hereinafter the *1025 Petitioner’s PAR and the Tenant’s PAR 2) challenging the December 13, 2004, determination reducing the rent increase to the sum of $0.46 per room per month. Significantly, neither the Petitioner’s PAR nor the Tenant’s PAR 2 challenged the December 1, 2004, effective date of that determination. On August 2, 2007, the DHCR denied both of those PARs and affirmed the reduction, without altering the December 1, 2004, effective date of the determination dated December 13, 2004. Neither the owner nor the tenant sought judicial review of the determination dated August 2, 2007.
On September 19, 2008, the DHCR, sua sponte, reopened the Petitioner’s PAR and the Tenant’s PAR 2, in order to reconsider the December 1, 2004, effective date of the determination dated December 13, 2004. On November 25, 2008, the DHCR modified the determination dated December 13, 2004, by declaring that the effective date of the reduced MCI rent increase would be the effective date as set forth in the determination dated August 16, 2000, and, in effect, adopted its determination dated August 2, 2007, which, inter alia, denied the Petitioner’s PAR.
The petitioner commenced this CPLR article 78 proceeding to review the determination of the DHCR dated November 25, 2008. The Supreme Court determined that the DHCR’s determination to modify the effective date of the December 13, 2004, determination was proper. It also concluded that the remaining issues raised by the petitioner were not properly before the court since they were not raised in the administrative proceeding. It therefore declined to address those issues, and denied this petition in its entirety and dismissed the proceeding. This was error.
Contrary to the Supreme Court’s determination, the determination dated November 25, 2008, implicitly reconsidered, adopted, and then repromulgated the findings of the determination dated August 2, 2007, inter alia, denying the Petitioner’s PAR. Under these circumstances, the issues raised by the petitioner relating to the Petitioner’s PAR were raised in the underlying administrative proceeding and, thus, are properly brought up for review in this CPLR article 78 proceeding. Therefore, those issues should have been considered and determined by the Supreme Court on this petition (see Matter of Lyons v Whitehead, 291 AD2d 497 [2002]). Accordingly, we remit the matter to the Supreme Court, Nassau County, to hear and determine on the merits the issues raised by the petitioner relating to the Petitioner’s PAR, and thereafter to enter an appropriate amended judgment.
The respondent’s remaining contentions are without merit. Dillon, J.P., Florio, Leventhal and Chambers, JJ , concur.