◼ PROHEALTH CARE ASSOCIATES, LLP, Appellant-Respondent, v HENRY K. PRINCE et al., Respondents, and EMILY S. BROOKS, Respondent-Appellant. [955 NYS2d 626]—

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On an appeal from a judgment entered after a nonjury trial, the power of this Court " 'to review the evidence is as broad as that of the trial court, bearing in mind . . . that due regard must be given to the decision of the Trial Judge who was in a position to assess the evidence and the credibility of the witnesses' " (*Tornheim v Kohn*, 31 AD3d 748, 748 [2006], quoting *Universal Leasing Servs. v Flushing Hae Kwan Rest.*, 169 AD2d 829, 830 [1991]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]).

The Supreme Court's determinations, inter alia, that the plaintiff failed to meet its burden of establishing that the defendant Emily S. Brooks breached a fiduciary duty, and that she was entitled to severance compensation pursuant to the terms of the parties' partnership agreement, were warranted by the

facts (*see ProHealth Care Assoc., LLP v Shapiro*, 46 AD3d 792, 793 [2007]; *Greenberg v Joffee*, 34 AD3d 426, 427 [2006]; *Pro-Health Care Assoc., LLP v April*, 4 Misc 3d 1017[A], 2004 NY Slip Op 50919[U] [Sup Ct, Nassau County 2004]; *see also Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d at 499; *Tornheim v Kohn*, 31 AD3d 748 [2006]; *cf. Graubard Mollen Dannett & Horowitz v Moskovitz*, 86 NY2d 112, 118 [1995]; *Bronx-Lebanon Hosp. Ctr. v Wiznia*, 284 AD2d 265, 265-266 [2001]; *Gibbs v Breed, Abbott & Morgan*, 271 AD2d 180, 182-189 [2000]). We find no reason to disturb those determinations.

Moreover, the parties' partnership agreement provides that if any party thereto prevails in a judicial proceeding "concerning any provision of [the] agreement or the rights and duties of any person in relation thereto," then that party is entitled to an award of a reasonable attorney's fee. Contrary to the Supreme Court's determination, Brooks prevailed on all her claims and, therefore, she was entitled to an award of a reasonable attorney's fee (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]; *Mancheski v GGCP, Inc.*, 41 AD3d 790, 791 [2007]; *Village of Hempstead v Taliercio*, 8 AD3d 476 [2004]; *Fatsis v 360 Clinton Ave. Tenants Corp.*, 272 AD2d 571 [2000]).

The plaintiff's remaining contention is without merit. Florio, J.P., Leventhal, Austin and Cohen, JJ., concur.