Amato v Dayton Beach Park No. 1 Corp. (2022 NY Slip Op 00157)





Amato v Dayton Beach Park No. 1 Corp.


2022 NY Slip Op 00157


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2019-00465
 (Index No. 8828/17)

[*1]Stacey Pheffer Amato, et al., appellants,
v
Dayton Beach Park No. 1 Corp., respondent.


Van Leer & Greenberg, New York, NY (Howard B. Greenberg and Evan Van Leer-Greenberg of counsel), for appellants.
Norris McLaughlin, P.A., New York, NY (Michael T. Reilly and Kimbrilee M. Weber of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, the plaintiffs appeal from an order of the Supreme Court, Queens County (Thomas D. Raffaele, J.), entered October 31, 2018. The order, insofar as appealed from, denied those branches of the plaintiffs' motion which were for summary judgment on the causes of action for declaratory and injunctive relief and to dismiss the defendant's counterclaim.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff Stacey Pheffer Amato is the proprietary lessee of a cooperative apartment in Rockaway Beach, where she resides with her husband, the plaintiff Frank Amato, and their children. The defendant is the cooperative corporation that owns the building where the subject apartment is located.
In 2013, the defendant commenced a nonpayment proceeding in the Civil Court against Stacey. In a decision after trial, the court determined that the defendant was entitled to a judgment against Stacey in the sum of $11,079.33 for nonpayment of maintenance and other fees. The court determined that "the air conditioning, parking, late and legal charges [sought by the defendant would] not be included in [the] possessory judgment" and "sever[ed] [those] amounts as nothing was offered to demonstrate that a possessory judgment should be awarded for them." As directed by the court, Stacey paid the defendant $9,000, and the balance of the judgment was satisfied by offsetting, on a monthly basis, a credit owed to Stacey by the defendant for the overpayment of an assessment.
Thereafter, based on the parties' occupancy agreement, the defendant sought to collect from Stacey legal fees from the nonpayment proceeding and late fee arrears by issuing monthly statements of account. The plaintiffs objected to those charges and refused to pay them.
In July 2017, the defendant's board of directors adopted a resolution to amend its house rules and regulations by providing that a cooperative shareholder or resident would be prohibited from, among other things, leasing a parking space or storage unit if they were more than [*2]60 days in arrears for legal costs incurred in a proceeding in which the defendant prevailed. The following month, relying on the amendment, the defendant terminated Stacey's leases of her parking space and storage unit as a result of her alleged failure to pay legal fees from the nonpayment proceeding.
The plaintiffs subsequently commenced this action, seeking, inter alia, an injunction enjoining the defendant from terminating their rights to the parking space and storage unit, a judgment declaring that they did not owe the defendant late fee arrears or legal fees in connection with the nonpayment proceeding and that they were the lawful lessees of the parking space and storage unit, and damages for breach of contract. The defendant, in turn, asserted a counterclaim against Stacey alleging breach of contract and seeking recoupment of the legal fees it allegedly incurred during the nonpayment proceeding.
The plaintiffs moved, inter alia, for summary judgment on the causes of action for declaratory and injunctive relief and to dismiss the defendant's counterclaim. With respect to the counterclaim, the plaintiffs contended, among other things, that the defendant was not entitled to legal fees from the nonpayment proceeding because it was not the prevailing party, and that seeking legal fees in a subsequent action amounted to the impermissible splitting of a cause of action. The Supreme Court, inter alia, denied those branches of the plaintiffs' motion which were for summary judgment on the causes of action for declaratory and injunctive relief and to dismiss the defendant's counterclaim. The plaintiffs appeal.
"To be considered a prevailing party, a party must be successful with respect to the central relief sought" (Fatsis v 360 Clinton Ave. Tenants Corp., 272 AD2d 571, 571; see Village of Hempstead v Taliercio, 8 AD3d 476, 476). "[S]uch a determination requires an initial consideration of the true scope of the dispute litigated, followed by a comparison of what was achieved within that scope" (Excelsior 57th Corp. v Winters, 227 AD2d 146, 147). "To be considered a 'prevailing party,' one must simply prevail on the central claims advanced, and receive substantial relief in consequence thereof" (Sykes v RFD Third Ave. I Assoc., LLC, 39 AD3d 279, 279).
As a result of the nonpayment proceeding, the defendant secured a judgment in an amount that included all of the maintenance and electricity arrears it sought, as well as a possessory judgment, the execution of which was stayed. The remaining categories of unpaid fees, which were relatively minor in comparison, were severed. Thus, contrary to the plaintiffs' contention, the defendant sufficiently prevailed in that proceeding (see Peachy v Rosenzweig, 215 AD2d 301, 302).
Moreover, there is no merit to the plaintiffs' contention that the defendant's counterclaim in this action for legal fees resulted in an impermissible splitting of the cause of action in the nonpayment proceeding for maintenance and other arrears. "The two claims, although interrelated, are clearly distinct, and it is common practice to sever a derivative claim for attorneys' fees upon granting judgment on the main claim," as the Civil Court did here (815 Park Ave. Owners v Metzger, 250 AD2d 471, 471; see Board of Mgrs. of Amherst Condominium v CC Ming [USA] Ltd. Partnership, 308 AD2d 380, 380). Nor does the judgment in the nonpayment proceeding have any res judicata effect on the defendant's current counterclaim (see 815 Park Ave. Owners v Metzger, 250 AD2d at 471).
Accordingly, the Supreme Court properly denied that branch of the plaintiffs' motion which was to dismiss the defendant's counterclaim (see LG Funding, LLC v Johnson & Son Locksmith, Inc., 170 AD3d 1153, 1154).
The plaintiffs' remaining contentions are without merit.
DILLON, J.P., BARROS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court