Matter of YC MD, P.C. v Shusterman (2024 NY Slip Op 03893)

Matter of YC MD, P.C. v Shusterman

2024 NY Slip Op 03893

Decided on July 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
JOSEPH J. MALTESE
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2019-09315
 (Index No. 500138/17)

[*1]In the Matter of YC MD, P.C., etc., respondent,
v
David Shusterman, etc., appellant.

Sharova Law Firm, Brooklyn, NY (Charles W. Marino of counsel), for appellant.
Garfunkel Wild, P.C., Great Neck, NY (Salvatore Puccio, Andrew L. Zwerling, and Joshua M. Zarcone of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated December 6, 2016, David Shusterman appeals from a judgment of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated June 25, 2019. The judgment, upon an order of the same court dated May 21, 2018, inter alia, in effect, granting the petition and denying that branch of David Shusterman's cross-motion which was for summary judgment dismissing the petition, is in favor of the petitioner and against David Shusterman in the total sum of $648,245.57.
ORDERED that the judgment is affirmed, with costs.
David Shusterman was formerly employed by the petitioner, YC MD, P.C. (hereinafter YCMD), as a physician. Shusterman commenced an arbitration proceeding against YCMD, alleging, among other things, breach of contract and fraud, and seeking damages in excess of $7 million. YCMD asserted counterclaims against Shusterman, alleging, inter alia, that Shusterman breached an agreement between them by working for other entities, soliciting YCMD's patients, and disparaging YCMD to patients. Following a hearing, the arbitrator determined, among other things, that Shusterman was not entitled to recover any damages on his claims, YCMD was entitled to an award of damages in the amount of $6,925 on one of its counterclaims, YCMD was the prevailing party at the arbitration, and, under the terms of the parties' agreement, YCMD was entitled to awards of $386,265.73 in attorneys' fees and $47,915.79 in costs as the prevailing party.
YCMD commenced this proceeding pursuant to CPLR article 75 to confirm the arbitration award. Shusterman cross-moved, inter alia, for summary judgment dismissing the petition on the ground that YCMD lacked standing to commence this proceeding. In an order dated May 21, 2018, the Supreme Court, among other things, in effect, granted the petition to confirm the award and denied that branch of Shusterman's cross-motion. A judgment dated June 25, 2019, was entered, upon the order, in favor of YCMD and against Shusterman in the total sum of $648,245.57. Shusterman appeals from the judgment.
Shusterman contends that the arbitrator erred in determining that YCMD was the prevailing party and in awarding YCMD attorneys' fees and costs. "To be considered a 'prevailing party,' one must simply prevail on the central claims advanced, and receive substantial relief in consequence thereof" (Amato v Dayton Beach Park No. 1 Corp., 201 AD3d 684, 686, quoting Sykes [*2]v RFD Third Ave. I Assoc., LLC, 39 AD3d 279, 279; see Fatsis v 360 Clinton Ave. Tenants Corp., 272 AD2d 571, 571). "Such a determination requires an initial consideration of the true scope of the dispute litigated, followed by a comparison of what was achieved within that scope" (DKR Mtge. Asset Trust 1 v Rivera, 130 AD3d 774, 776 [alterations and internal quotation marks omitted]). Here, in light of YCMD's success in defending against Shusterman's claims for more than $7 million in damages and its success in prosecuting one of its counterclaims (see generally 25 E. 83 Corp. v 83rd St. Assoc., 213 AD2d 269, 269), Shusterman failed to establish his entitlement to vacatur of so much of the arbitration award as awarded YCMD attorneys' fees and costs (see CPLR 7511).
Shusterman's contention that YCMD lacked standing to commence this proceeding because YCMD dissolved and assigned all of its assets to another entity is without merit. As a party to the arbitration, YCMD had standing to seek confirmation of the arbitration award (see Matter of Escalera v County of Westchester, 299 AD2d 548, 549), and Shusterman failed to establish that YCMD transferred its claims or causes of action, which YCMD may pursue as a dissolved corporation under Business Corporation Law § 1006 in the winding up of its affairs.
Shusterman's remaining contentions are without merit.
LASALLE, P.J., MALTESE, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court