■ JOHN P. MILES et al., Appellants, v MICHAEL GLADSTEIN et al., Respondents. [625 NYS2d 608] —In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiffs appeal from an order of the Supreme Court, Nassau County (DiNoto, J.), dated June 28, 1993, which granted the defendants' separate motions for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The court properly granted the defendants' motions for

summary judgment since they proffered sufficient evidence to demonstrate that no triable issues of fact existed, and the plaintiffs' papers in opposition were insufficient to demonstrate otherwise *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557; *Pirozzolo v Dimeo,* 141 AD2d 810). In particular, we reject the plaintiffs' assertion that there exists an issue of fact as to whether they rescinded the contract by which they were to purchase a two-acre parcel of land from the defendants Howard and Deborah Grace. The record clearly indicates that the plaintiffs were contractually required to take the parcel, which was being partitioned from an existing parcel, "subject to any covenants and restrictions imposed" by the Village of Muttontown Planning Board. Nevertheless, the plaintiffs demanded the return of their down payment after they ascertained that the Planning Board would only approve the subject partition "subject to an express restriction against the erection of accessory structures of any nature whatsoever on the parcel". The Graces then negotiated the sale of the subject parcel to the defendants Michael and Marilyn Gladstein and returned the plaintiffs' down payment. The plaintiffs' rescission and the Graces' acceptance thereof terminated the subject contract *(see, Muller & Co. v Effangee Tobacco Co.,* 190 App Div 808, 809, *affd* 229 NY 594; 22 NY Jur 2d, Contracts, § 415). Since the subject contract was no longer binding upon the parties, the remedy of specific performance is unavailable to the plaintiffs *(see, Brody v W. & L. Enters.,* 4 Misc 2d 907, 910, *affd* 281 App Div 867; 96 NY Jur 2d, Specific Performance, § 12). The plaintiffs assert that they were fraudulently induced into rescinding the contract because the Graces purposely applied to the Village of Muttontown Planning Board for the partition of the property which restricted the plaintiffs' use thereof. This argument is without merit, since the plaintiffs were contractually required to take the parcel "subject to any covenants and restrictions imposed" by the Planning Board. Bracken, J. P., Pizzuto, Hart and Krausman, JJ., concur.