■ DEDONA BOSTON REALTY COMPANY, Appellant, v VILLAGE OF PORT CHESTER, Respondent. [776 NYS2d 580]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to provide permanent parking rights for the plaintiff on a certain parking lot owned by the defendant, the plaintiff appeals from an order of the Supreme Court, Westchester County (LaCava, J.), dated November 7, 2002, which, inter alia, granted the defendant's motion for summary judgment.

Ordered that the order is affirmed, with costs.

The complaint, inter alia, sought a judgment declaring that the defendant was obligated to provide permanent parking rights with respect to a certain parking lot, which was leased by the plaintiff from the defendant and was located adjacent to the plaintiff's office building. During the pendency of this action, the defendant condemned the parking lot in connection with an urban redevelopment project, and by eminent domain acquired title to the real property and the leasehold to said lot, pursuant to an order of the Supreme Court, Westchester County. As such, the plaintiff's leasehold interest in said parking lot was terminated by the defendant's exercise of its eminent domain power (see Matter of Ossining Urban Renewal Agency v Lord, 39 NY2d 628 [1976]). Accordingly, this action was rendered academic.

In any event, the doctrine of equitable estoppel could not be invoked against the defendant municipality since the defendant was not authorized to enter into a contract to provide permanent parking rights to the plaintiff in perpetuity (see generally La Porto v Village of Philmont, 39 NY2d 7 [1976]).

The plaintiff's remaining contentions are without merit or academic in light of our determination. Altman, J.P., Krausman, Crane and Cozier, JJ., concur.