*767
 
 OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division, insofar as appealed from, should be reversed, with costs, and the case remitted to Supreme Court for further proceedings in accordance with this memorandum.
 

 As we recently stated in
 
 R/S Assoc. v New York Job Dev. Auth.
 
 (98 NY2d 29, 32 [2002]), “when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms”
 
 (see also Reiss v Financial Performance Corp.,
 
 97 NY2d 195, 198 [2001], quoting
 
 W.W.W. Assoc. v Giancontieri,
 
 77 NY2d 157, 162 [1990]). Nothing in the parties’ agreement limits the commission to the initial lease period. On the contrary, an option to renew a lease for three five-year periods, as provided for in the subject lease, would fall within the broad category of “a lease, rental arrangement or other occupancy,” unambiguously requiring payment of 10% of the rent over the period of occupancy.
 

 Given that plaintiff did not cross-move for summary judgment, this Court is not empowered to grant it summary relief
 
 (see Merritt Hill Vineyards v Windy Hgts. Vineyard,
 
 61 NY2d 106, 110-111 [1984]).
 

 Chief Judge Kaye and Judges G.B. Smith, Ciparick, Rosenblatt, Graffeo, Read and R.S. Smith concur in memorandum.
 

 Order, insofar as appealed from, reversed, etc.