■ BLINDS TO GO, INC., Appellant, v TIMES PLAZA DEVELOP-MENT, L.P., Respondent. [797 NYS2d 529]—

In an action for declaratory and injunctive relief based on the breach of a commercial lease, the plaintiff appeals from an order of the Supreme Court, Kings County (Douglass, J.), dated April 2, 2004, which denied its motion to preliminarily enjoin the defendant from reletting the leasehold premises and granted the defendant's cross motion pursuant to CPLR 3211 to dismiss the complaint.

Ordered that the appeal from so much of the order as denied the plaintiff's motion for a preliminary injunction is dismissed, as academic; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, the cross motion to dismiss the complaint is denied, and the complaint is reinstated; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff tenant commenced this action after the defendant landlord exercised its purported right of recapture under the parties' lease and thereby summarily reacquired possession of the leasehold premises. The plaintiff moved to preliminarily enjoin the defendant from reletting the premises and alleged that the defendant had effectively breached the lease. The defendant opposed the motion with various factual and legal arguments regarding the reasonableness of the plaintiff's conduct in failing to commence occupancy of the premises. Additionally,

the defendant made a pre-answer motion pursuant to CPLR 3211 to dismiss the complaint based on the terms of the recapture clause in the lease. The Supreme Court denied the plaintiff's motion and granted the defendant's cross motion.

As the plaintiff currently observes, the defendant has now relet the subject premises to another tenant. Accordingly, injunctive relief is no longer available, and the plaintiff's appeal from so much of the order as denied that relief has been rendered academic (*see generally Matter of Hearst Corp. v Clyne*, 50 NY2d 707 [1980]; *Dedona Boston Realty Co. v Village of Port Chester*, 6 AD3d 648 [2004]).

However, the plaintiff correctly contends that the Supreme Court erred in granting the defendant's cross motion to dismiss the complaint based on the recapture clause in the lease. "A familiar and eminently sensible proposition of law is that, when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms" (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]; *see Signature Realty, Inc. v Tallman*, 2 NY3d 810 [2004]). Applying this principle to the lease at issue, the defendant's reliance upon the recapture clause was unavailing since the plaintiff never commenced any business operations at the premises. Therefore, the Supreme Court improperly granted the defendant's cross motion to dismiss the complaint, and the complaint must be reinstated. Upon such reinstatement, the plaintiff may seek leave to amend the complaint, if it be so advised, to request different or additional relief. Similarly, the defendant may serve an answer setting forth whatever legal and/or equitable defenses it deems appropriate, so that the matter may properly be adjudicated on the merits. Adams, J.P., Ritter, Mastro and Rivera, JJ., concur.