■ PYRAMID BROKERAGE COMPANY OF BUFFALO, INC., Appellant, v ATLAS AUTO GLASS, INC., Respondent. [838 NYS2d 276]—

Appeal from an order of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered December 14, 2005. The order, inter alia, granted defendant's cross motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without

costs, the cross motion is denied, the complaint is reinstated, the motion insofar as it seeks judgment on liability against defendant is granted, and the matter is remitted to Supreme Court, Erie County, for a hearing in accordance with the following memorandum: Plaintiff commenced this action seeking commissions allegedly due pursuant to a brokerage agreement (Agreement) with defendant. Pursuant to the Agreement, plaintiff was entitled to commissions if, inter alia, defendant's property was sold or leased during the term of the Agreement or, within a year thereafter, "an agreement of sale, exchange or other transfer of all or any part of the Property is made . . . [to a person or entity] to whom [plaintiff] shall have presented the Property during the term hereof *or* whose name(s) [plaintiff] shall have submitted in writing to [defendant] within ten (10) days after termination of this Agreement" (emphasis added). The Agreement further provided that, "[i]f during the term of a lease . . . the Property is sold, exchanged or otherwise transferred to the tenant or to a party related to or affiliated with the tenant, [defendant] at the closing of such sale, exchange or transfer shall pay to [plaintiff] the fee or commission provided for [in the Agreement]." Within 10 days after the termination of the Agreement, plaintiff sent a "tail letter" to defendant setting forth a "list of prospects," including an individual named Sam Carubba, and, within two months after the termination of the Agreement, defendant leased its property to Sam Carubba on behalf of an "entity to be formed." One year and four months after the Agreement expired, and nearly four months after plaintiff's "tail letter" expired, defendant sold the property to Carubba & Sons, LLC.

Supreme Court erred in granting defendant's cross motion for summary judgment dismissing the complaint and in denying plaintiff's motion for summary judgment insofar as it seeks judgment on liability against defendant. The interpretation of an unambiguous contractual provision is "a function for the court" (*Teitelbaum Holdings v Gold*, 48 NY2d 51, 56 [1979]; *see Chimart Assoc. v Paul*, 66 NY2d 570, 572-573 [1986]). "[W]hen parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms" (*R/S Assoc. v New York Job Dev. Auth.*, 98 NY2d 29, 32 [2002], *rearg denied* 98 NY2d 693 [2002] [internal quotation marks omitted]; *see Signature Realty, Inc. v Tallman*, 2 NY3d 810 [2004]). Here, the court erred in determining that plaintiff did not earn a commission because it did not introduce Sam Carubba to defendant but, rather, Sam Carubba "was known to [defendant] prior to the execution of the Agreement." Pursuant to the express terms of the Agreement, plaintiff was required

only to list the buyer on the "tail letter" in order to be entitled to a commission. We therefore reverse the order, deny the cross motion, reinstate the complaint, grant plaintiff's motion insofar as it seeks judgment on liability against defendant, and remit the matter to Supreme Court for a hearing on damages, including attorney's fees. Present—Gorski, J.P., Martoche, Smith, Lunn and Pine, JJ.