■ ROBERT FREY, Appellant, v ALLAN V. ROSE, Doing Business as AVR REALTY Co., et al., Respondents. [859 NYS2d 219]—

In an action, inter alia, for specific performance of an option to renew a commercial lease, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated April 30, 2007, as denied his motion for a preliminary injunction and granted those branches of the defendants' cross motion which were pursuant to CPLR 3211 to dismiss the first and third causes of action, and (2) from an order of the same court dated May 30, 2007. The appeal from the order dated April 30, 2007 brings up for review an order of the same court dated June 1, 2007, which denied the plaintiff's motion for leave to renew his motion for a preliminary injunction and his opposition to those branches of the defendants' cross motion which were pursuant to CPLR 3211 to dismiss the first and third causes of action (*see* CPLR 5517 [b]).

Motion by the respondents to dismiss the appeals from the

orders dated April 30, 2007 and May 30, 2007 on the ground that they have been rendered academic. By decision and order on motion of this Court dated October 15, 2007 (2007 NY Slip Op 80633[U]), the motion was held in abeyance and referred to the Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is,

Ordered that the branch of the motion which is to dismiss the appeal from the order dated April 30, 2007 is granted, and the motion is otherwise denied as academic in light of our determination herein; and it is further,

Ordered that the appeal from the order dated April 30, 2007 is dismissed, without costs or disbursements; and it is further,

Ordered that the appeal from the order dated May 30, 2007 is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the appeal from the order dated June 1, 2007 is dismissed on the ground that review pursuant to CPLR 5517 (b) has been rendered academic, without costs or disbursements.

The plaintiff was assigned a commercial lease, which contained a clause providing, in relevant part, that "Tenant may extend the Original Term of this Lease . . . by written notice to Landlord on or before six (6) months prior to the then scheduled expiration date." After the landlord, the defendant Allan V. Rose, doing business as AVR Realty Co. (hereinafter AVR), refused to renew the lease, the plaintiff, claiming that he orally exercised the option to renew the lease seven months prior to its expiration, commenced this action against AVR and its principal, seeking, inter alia, specific performance of the lease renewal provision and a permanent injunction enjoining the defendants from evicting him or interfering with his tenancy.

The plaintiff moved for a preliminary injunction enjoining the defendants from evicting him or interfering with his tenancy, and the defendants cross-moved to dismiss the complaint, contending that the plaintiff had failed to timely and properly exercise the option to renew the lease. In an order dated April 30, 2007 the Supreme Court denied the plaintiff's motion and granted the defendants' cross motion. Thereafter, the plaintiff moved for leave to renew his motion and his opposition to the defendants' cross motion. In an order dated June 1, 2007 the Supreme Court denied the plaintiff's motion for renewal.

AVR subsequently commenced a summary eviction proceed-

ing against the plaintiff in the District Court, Suffolk County. The parties entered into a stipulation of settlement, in which the plaintiff "consent[ed] to . . . a judgment of possession and the issuance of a warrant of eviction," and the parties agreed that the plaintiff "shall vacate [and] surrender possession on or before [August 1, 2007]." A warrant of eviction dated August 3, 2007 directed the removal of the plaintiff from the subject premises, and the plaintiff has since vacated the subject premises.

Under these circumstances, it is no longer possible to prevent the defendants from evicting the plaintiff or interfering with his tenancy, as requested in the plaintiff's third cause of action and in his motion for a preliminary injunction. Thus, the appeals from so much of the order dated April 30, 2007 as denied the plaintiff's motion for a preliminary injunction and granted that branch of the defendants' cross motion which was to dismiss the third cause of action, and from so much of the order dated June 1, 2007 as denied the plaintiff's motion for renewal with respect to such relief, have been rendered academic.

Furthermore, "[t]he issuance of the warrant of eviction terminated any existing tenancy and annulled the landlord-tenant relationship by operation of law" (*Rocar Realty Northeast, Inc. v Jefferson Val. Mall Ltd. Partnership,* 38 AD3d 744, 747 [2007]; *see Galapo v Feinberg,* 266 AD2d 150, 151 [1999]). Therefore, the remedy sought in the first cause of action, i.e., specific performance of a duty arising under the lease, is no longer available (*see Miles v Gladstein,* 214 AD2d 706 [1995]). Thus, the appeals from so much of the order dated April 30, 2007 as granted that branch of the defendants' cross motion which was to dismiss the first cause of action, and from so much of the order dated June 1, 2007 as denied the plaintiff's motion for leave to renew his opposition to that branch of the defendants' cross motion, have also been rendered academic. Prudenti, P.J., Miller, Dillon and McCarthy, JJ., concur. [*See* 2007 NY Slip Op 31057(U).]