In an action for specific performance of an alleged oral promise to renew a lease on certain property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Markey, J.), entered January 4, 2012, as denied its motion to preliminarily enjoin the defendant from terminating its tenancy of the subject premises. Motion by the defendant, inter alia, for the Court to take judicial notice of certain court orders and to dismiss the appeal as academic. By decision and order on motion of this Court dated December 6, 2012, those branches of the motion which were for the Court to take judicial notice of certain court orders and to dismiss the appeal were held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
Ordered that the branches of the motion which are for the Court to take judicial notice of certain court orders and to dismiss the appeal are granted; and it is further,
Ordered that the appeal is dismissed as academic, with costs.
It is undisputed that, during the pendency of the appeal, a judgment was entered awarding the defendant possession of the subject premises in a holdover proceeding in the Civil Court of the City of New York, Queens County, and that the parties entered into a stipulation whereby the plaintiff vacated the subject premises on April 30, 2012. Under these circumstances, it is no longer possible to enjoin the defendant from terminating the plaintiffs tenancy. Moreover, the defendant has since sold the subject premises to the nonparty New York City School Construction Authority as a site on which to construct a public school and, therefore, no longer has an interest in the property. Any determination by this Court will not affect the rights of the parties, and the matter does not otherwise warrant invoking an exception to the mootness doctrine (see Matter of Hearst Corp. v *935 Clyne, 50 NY2d 707, 714 [1980]; Matter of Cisse v Graham, 87 AD3d 1008, 1009 [2011]).
Accordingly, the appeal from the order, which denied the plaintiff’s motion for a preliminary injunction, has been rendered academic (see Frey v Rose, 51 AD3d 859 [2008]). Mastro, J.P., Angiolillo, Leventhal and Chambers, JJ., concur. [Prior Case History: 33 Misc 3d 1237(A), 2011 NY Slip Op 52265(U).]