A.I.M.G., LLC v ERA Funding Group, LLC (2018 NY Slip Op 01891)





A.I.M.G., LLC v ERA Funding Group, LLC


2018 NY Slip Op 01891


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-09608
 (Index No. 4840/16)

[*1]A.I.M.G., LLC, appellant, 
v
ERA Funding Group, LLC, respondent, et al., defendants.


David Morisset, P.C., Brooklyn, NY, for appellant.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiff has an ownership interest in certain real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Wade, J.), dated September 9, 2016, which denied, as academic, its motion to stay the execution of a certain warrant of eviction.
ORDERED that the order is affirmed, without costs or disbursements.
It is undisputed that the defendant ERA Funding Group, LLC, as the record owner of certain premises located in Brooklyn, commenced a landlord-tenant proceeding in the Civil Court, Kings County, against the plaintiff's sole member, who resided there. The parties to that proceeding entered into a stipulation, wherein the alleged tenant consented to the jurisdiction of the Civil Court and to a final judgment of possession. Thereafter, the plaintiff commenced this action, asserting causes of action sounding in, inter alia, unjust enrichment and breach of a constructive trust, and seeking a judgment declaring that the plaintiff has an ownership interest in the premises. At the time this action was commenced, the plaintiff moved to stay the execution of a warrant of eviction. ERA Funding Group, LLC, opposed the motion. The Supreme Court denied the motion, stating that the eviction had been executed and, therefore, the issue was academic. The plaintiff appeals.
It is undisputed that a warrant of eviction was executed and the premises have been vacated. Accordingly, the Surpreme Court properly denied, as academic, the plaintiff's motion to stay the execution of the warrant of eviction (see Aniqa Halal Live Poultry Corp. v Montague-Lee Ltd. Partnership, 110 AD3d 934, 934; Frey v Rose, 51 AD3d 859; Blinds To Go, Inc. v Times Plaza Dev., L.P., 19 AD3d 524).
MASTRO, J.P., COHEN, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court