Blinds to Go (U.S.), Inc. v Times Plaza Dev., L.P. (2021 NY Slip Op 08163)





Blinds to Go (U.S.), Inc. v Times Plaza Dev., L.P.


2021 NY Slip Op 08163


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-02006
 (Index No. 41932/03)

[*1]Blinds to Go (U.S.), Inc., appellant-respondent,
v
Times Plaza Development, L.P., respondent- appellant.


Herrick, Feinstein LLP, New York, NY (William R. Fried and David R. King of counsel), for appellant-respondent.
Kenneth J. Glassman, New York, NY, for respondent-appellant.



DECISION & ORDER
In an action to recover damages for breach of a lease, the plaintiff appeals, and the defendant cross-appeals, from a judgment of the Supreme Court, Kings County (David B. Vaughan, J.), dated January 29, 2019. The judgment, insofar as appealed from, upon an order of the same court dated June 14, 2017, inter alia, in effect, granting that branch of the defendant's motion which was for a determination that it was the prevailing party entitled to attorney's fees and costs pursuant to the lease, and upon an order of the same court (Miriam P. Sunshine, Ct. Atty. Ref.) dated January 17, 2018, following a hearing to determine the award of attorney's fees and costs due to the defendant, is in favor of the defendant and against the plaintiff in the principal sum of $1,627,202.53. The judgment, insofar as cross-appealed from, awarded the defendant attorney's fees and costs in the principal sum of only $1,627,202.53.
ORDERED that the judgment is reversed insofar as appealed from, on the law, that branch of the defendant's motion which was for a determination that it was the prevailing party entitled to attorney's fees and costs pursuant to the lease is denied, and the orders dated June 14, 2017, and January 17, 2018, are modified accordingly; it is further,
ORDERED that the cross appeal is dismissed as academic in light of our determination on the appeal; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On February 21, 2001, the plaintiff, as tenant, and the defendant, as landlord, entered into a lease of certain premises in Brooklyn for a period of 10 years, renewable for two additional 5-year periods. The lease contained a provision that if the plaintiff closed its business on the property for a period of three months or more, the defendant could elect to "recapture" the premises and rent it to another entity.
By September 2003, the plaintiff had not opened for business or commenced construction to open for business. By letter dated September 25, 2003, the defendant elected to terminate the lease pursuant to the "recapture" provision. The plaintiff commenced the instant action [*2]challenging the defendant's termination of the lease. By order dated April 2, 2004, the Supreme Court granted the defendant's cross motion pursuant to CPLR 3211 to dismiss the complaint. The plaintiff surrendered the keys and possession of the premises to the defendant. By decision and order dated June 20, 2005, this Court reversed the order dated April 2, 2004, on the ground that, since the plaintiff never commenced any business operations at the premises, the recapture provision was inapplicable (see Blinds To Go, Inc. v Times Plaza Dev., L.P., 19 AD3d 524).
In September 2010, the case proceeded to trial before a jury on the issues of whether the defendant breached the lease and, if so, whether the plaintiff sustained damages as a result of the breach. A judgment dated October 7, 2010, was entered in favor of the plaintiff and against the defendant in the principal sum of $4,172,734.35. On the defendant's appeal therefrom, the defendant did not challenge the jury's verdict that it breached the lease. By decision and order dated October 18, 2011, this Court reversed the judgment and granted a new trial on the issue of damages, if any, from the breach of the lease (see Blinds To Go [U.S.], Inc. v Times Plaza Dev., L.P., 88 AD3d 838).
Thereafter, the issue of damages was referred to a referee for a hearing to determine the issue of damages. The referee found that the plaintiff did not prove lost profits and thus, no damages should be awarded for lost profits. The defendant then sought attorney's fees and costs as the "prevailing party" pursuant to Paragraph 35 of the lease.
In an order dated June 14, 2017, the Supreme Court, inter alia, in effect, granted that branch of the defendant's motion which was for a determination that it was the prevailing party entitled to attorney's fees and costs pursuant to the lease. The court referred the matter to a referee for a hearing to determine the award of attorney's fees and costs due to the defendant. After that hearing, a judgment was entered in favor of the defendant and against the plaintiff in the principal sum of $1,627,202.53. The plaintiff appeals and the defendant cross-appeals, on the ground of inadequacy, from that judgment. We reverse insofar as appealed from.
The record supports the referee's determination that the plaintiff failed to sustain its burden of demonstrating lost profits with reasonable certainty (see Ashland Mgt. v Janien, 82 NY2d 395, 403; Kenford Co. v County of Erie County, 67 NY2d 257, 261; Chen v Wen Fang Wang, 177 AD3d 694, 696). The plaintiff's expert, among other things, admittedly did not request tax returns from the plaintiff, did not perform an independent inquiry, and did not verify the information he received from the plaintiff to reach his conclusion on lost profits.
However, we disagree with the determination to award attorney's fees and costs to the defendant. Paragraph 35 of the lease stated that "the non-prevailing party shall pay to the prevailing party all costs, expenses and reasonable attorneys' fees and disbursements that the prevailing party reasonably incurred in connection therewith."
"Under the general rule, attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule" (Hooper Assoc. v AGS Computers, 74 NY2d 487, 491; see Flemming v Barnwell Nursing Home & Health Facilities, Inc., 15 NY3d 375, 379; LG Funding, LLC v Johnson & Son Locksmith, Inc., 170 AD3d 1153, 1154). "'[O]nly a prevailing party is entitled to recover an attorney's fee' and[,] '[t]o be considered a prevailing party, a party must be successful with respect to the central relief sought'" (Village of Hempstead v Taliercio, 8 AD3d 476, 476, quoting Fatsis v 360 Clinton Ave. Tenants Corp., 272 AD2d 571, 571; see O'Donnel v JEF Golf Corp., 173 AD3d 1528, 1532). "Such a determination requires an initial consideration of the true scope of the dispute litigated, followed by a comparison of what was achieved within that scope" (DKR Mtge. Asset Trust 1 v Rivera, 130 AD3d 774, 776 [alterations and internal quotation marks omitted]).
Here, considering the true scope of the dispute litigated and what was achieved within that scope, we conclude that neither party was entitled to attorney's fees and costs as a prevailing party (see Free People of PA LLC v Delshah 60 Ninth, LLC, 169 AD3d 622, 623; Blue Sage Capital, L.P. v Alfa Laval U.S. Holding, Inc., 168 AD3d 645, 646). In this highly litigated and contentious action, notwithstanding numerous motions, trials, hearings, and appeals spanning more than 17 [*3]years, neither party has obtained the central relief each seeks so as to constitute a prevailing party pursuant to Paragraph 35 of the lease.
The parties' remaining contentions either are without merit or need not be reached in light of our determination. 
RIVERA, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court